**SMOKEY BEAR, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 90–444C.

United States Court of Federal Claims.

Aug. 31, 1994.

Eugene H. Da Silva, Flemington, NJ, for plaintiff.

Franklin E. White, Jr., Washington, DC, with whom were Stuart E. Schiffer, Acting Asst. Atty. Gen., and David M. Cohen, Director, for defendant. Lynn Flanagan, Dept. of Agriculture, of counsel.

## OPINION

ROBINSON, Judge:

This matter is before the court upon defendant's motion to dismiss, in part, pursuant to Rules 12(b)(1) and (4) of the Rules of the United States Court of Federal Claims (RCFC), the complaint of plaintiff Smokey Bear, Inc., for lack of jurisdiction and for failure to state a claim upon which relief can be granted. After a careful reading of the parties' briefs and hearing oral argument, the court grants defendant's motion in part and denies the remainder of defendant's motion for the reasons set forth below.

## Background

Plaintiff Smokey Bear, Inc., in conformity with the Smokey Bear Act, 18 U.S.C. § 711 (1988), and applicable regulations, submitted an application to the United States Department of Agriculture, Forest Service ("Forest Service" or "Service") in January 1986 seeking a license to use the Smokey Bear logo to promote the sale of clothing and various other items which plaintiff intended to manufacture or purchase from suppliers and market at a profit. After negotiations, the Forest Service issued a license effective June 30, 1986, for an initial term of three years. The purpose of the Smokey Bear Licensing Program is to make money which can be channeled into the Service's various wildfire prevention efforts. Pursuant to the license, plaintiff was authorized to produce and market jeans, shirts, jackets and, by amendment, children's and adults' clothing, accessories, and camping gear. These items were to display the approved logo in exchange for a royalty of 6 percent of the sales of the goods, plus a minimum guaranteed royalty payment of $25,000.

The license also required plaintiff to obtain advance approval "in writing" from the Forest Service on all designs and artwork. The license was exclusive to the extent that other licensees would not be granted a new license "unless they are so different in design as to constitute a new product or so different in distribution that the products would not be in direct competition." The license was renewable after the initial three-year term, and it permitted the licensee to sublicense with approval. According to plaintiff, the venture failed due to defendant's breach of the license agreement, and plaintiff failed to realize the profits it expected to achieve from the enterprise. Accordingly, on May 24, 1990, plaintiff filed its complaint in this court pursuant to the Tucker Act, 28 U.S.C.A. § 1491 (West 1994).

Plaintiff's complaint contains five counts. Collectively, these counts, as initially filed, sought approximately $591,150,000 with interest from December 18, 1989, and costs for defendant's "failure and neglect" to perform the license by delaying approval of artwork

and other items, granting or offering of overlapping licenses to others in breach of the licensee agreement, withholding of information regarding the markets, delaying the inclusion of licensee information in the catalogue that the Forest Service distributes, and arbitrarily and capriciously refusing to renew plaintiff's license at the end of the three-year initial term of that license. Plaintiff alleges, further, that these actions foreclosed it from earning profits from certain high-profit seasonal markets, caused it to expend money in pursuing entry in these markets, required it to pay "royalty guarantees out of funds not derived from activities within said license contract," and foreclosed it from "rightfully engaging in future activities under such license to enjoy future profits."

### Contentions of the Parties

In defendant's motion to dismiss, in part, filed March 29, 1993, pursuant to Rule 12(b)(1) and (4), defendant contends that all five counts in plaintiff's complaint must be dismissed for failure to state a claim upon which relief can be granted, to the extent that the damages alleged are consequential damages and, as a matter of law, too speculative to be recovered in the Court of Federal Claims. With respect to plaintiff's claim for interest, defendant maintains that in the absence of any allegation of specific statutory grounds for recovery of interest, plaintiff's claim for interest must also be dismissed for lack of jurisdiction.

Plaintiff vigorously opposes defendant's motion and argues that dismissal of any counts, in whole or in part, is not warranted. Plaintiff contends that during negotiations, the Forest Service knowingly misrepresented the scope of the market, causing plaintiff to project sales based upon the existence of "concession stores" in the national forests; that the Forest Service arbitrarily and capriciously withheld artwork approvals in violation of its duty to deal in good faith and respond in timely fashion to plaintiff's requests; that defendant breached the terms of the license agreement's exclusivity provision in granting rights to a competitor and potential sublicensee, Nelson/Weather–Rite, to market camping gear; and, further, that the Forest Service refused to renew plaintiff's license in breach of its implied duty-in-fact not to unreasonably deny renewal.

In rebuttal of defendant's legal arguments, plaintiff maintains that all damages—whether or not classified as consequential—are cognizable in this court, provided they arise from the breached contract and were within the contemplation of the parties. Plaintiff also contends that the government, through the Forest Service, "went into business" with plaintiff through the license agreement which provided for a lump sum payment and a 6 percent royalty arrangement, and that plaintiff's arrangement is unique and distinguishable from other "license cases" relied upon by defendant, because the plaintiff's business could not legally exist outside of the contract. In sum, plaintiff contends that its complaint sounds in contract, not in tort. Accordingly, plaintiff contends that this court has jurisdiction over this action because of defendant's breach of both express and implied-in-fact contracts, including the obligation of dealing in good faith with plaintiff, and that it should be allowed to recover both actual and consequential (lost business opportunity profits) damages subject to proof at trial.

### DISCUSSION

■ The court will first address plaintiff's interest claim. Plaintiff initially requested an award of interest from December 18, 1989, premised upon the amount of any award of damages ordered by the court. However, plaintiff did not renew its request for interest in its moving brief, nor did it respond in any way to defendant's assertion in its brief that interest is not recoverable in this proceeding absent an authorizing statute or regulation specifically waiving the United States' sovereign immunity from such a claim. In short, plaintiff has not cited any such statute or regulation, nor does the license refer to interest. Accordingly, the court concludes that the United States' sovereign immunity has not been waived with respect to interest, because there has been no affirmative and separately contemplated action by Congress, whether expressed in a statute or regulation. *Library of Congress v. Shaw,* 478 U.S. 310, 315, 106 S.Ct. 2957, 2962, 92 L.Ed.2d 250 (1986). Therefore, the court

must dismiss plaintiff's interest claim for lack of jurisdiction.[1]

■ With respect to defendant's arguments that the damages plaintiff seeks may not be recovered as a matter of law, defendant has correctly pointed out that there are certain types of damages which have long been determined to be consequential and unrecoverable as a matter of law. Thus, the court and its predecessor has previously held that damages for the loss of future profits and lost profitable business opportunities arising from potential contracts with others are *per se* unrecoverable. *Olin Jones Sand Co. v. United States*, 225 Ct.Cl. 741, 742, 1980 WL 13211 (1980); *Ramsey v. United States*, 121 Ct.Cl. 426, 433–34, 101 F.Supp. 353, 357 (1951) *cert. denied*, 343 U.S. 977, 72 S.Ct. 1072, 96 L.Ed. 1369 (1952); *Lucas v. United States*, 25 Cl.Ct. 298, 310–11 (1992); *Solar Turbines, Inc. v. United States*, 23 Cl.Ct. 142, 159–60 (1991).

At oral argument, plaintiff clarified the nature of relief and the types of damages it seeks through its complaint. Specifically, plaintiff articulated six alleged bases for recovery:

1. The government misrepresented the market and chain of distribution for Smokey Bear products;
2. The government interfered with potential sub-licensees;
3. The government issued a competing license to another company, which was a prospective sub-licensee;
4. The government failed to approve designs for products in a timely fashion;
5. The government belatedly withdrew its approval for particular products; and
6. The government unreasonably failed to renew the license agreement.

Plaintiff also explained that the damages it seeks are those sales to third parties which were inherently contemplated by the license agreement between plaintiff and defendant. Plaintiff distinguished the damages which it maintains it may recover—essentially lost profits from the sale of Smokey Bear products—from damages it agrees with the court and defendant are unforeseeable, e.g., lost profits from potential license agreements on other products (such as Disney characters) due to damage to plaintiff's reputation caused by a breach of the Smokey Bear license agreement.

The case law bears out the distinction which plaintiff urges the court to accept. The *Lucas* and *Olin Jones Sand Co.* cases are of no avail to defendant. *Lucas* involved a design contest for a memorial for Korean War veterans. The court prohibited the plaintiffs, the winners of the contest, from recovering damages beyond the $20,000 prize awarded for winning the contest, even if, as the plaintiffs alleged, their design was not used for the memorial on the Mall in Washington, D.C. *Lucas v. United States*, 25 Cl.Ct. at 312. The plaintiffs' suit sought damages for lost profits on a collateral consulting contract with the architectural/engineering (A/E) firm which was to implement the plaintiffs' winning design. The court held that the profits from that contract were not foreseeable at the time the design contract was formed because the A/E firm was not then obligated to enter into a contract with the plaintiffs. *Id.* at 310–11. The court also precluded the plaintiffs from recovering damages for lost profits from future design which the plaintiffs claimed would have resulted from the prestige and enhancement of the plaintiffs' reputation. These damages could not be recovered because, the court observed, they sounded in tort, and to the extent they did not, were "too remote, consequential, and speculative." *Id.* at 310.

Similarly, the court in *Olin Jones Sand Co.*, rejected claims for damages for lost profits on future contracts because the defendant's conduct had allegedly reduced the plaintiff's "standing in the business community and [impaired] its ability to obtain other work which required bonding." *Olin Jones Sand Co.*, 225 Ct.Cl. at 742. The court held that these types of damages were "too remote and speculative to be recoverable." *Id.* at 744. In contrast, with respect to the

1. At oral argument, plaintiff agreed with the court and defendant that dismissal of its claim for interest was appropriate.

plaintiff's damages, under the contract at issue in that case, for an inability to pay employees, subcontractors, and suppliers, and an inability to obtain financing, the court held that "it [was] impossible to say that this class of injuries cannot be shown at trial to have been a direct and foreseeable consequence of [the defendant's alleged breach]." *Id.* at 743.

The damages sought by plaintiff differ from the types of damages denied by the court in *Olin Jones Sand Co.* and *Lucas.* The issue for this court is whether the damages plaintiff seeks are the "natural and probable consequences" of the alleged breach of the license agreement, i.e., whether the damages were within the contemplation of the parties at the time the contract was made. *Prudential Ins. Co. v. United States,* 801 F.2d 1295, 1300 (Fed.Cir.1986), *cert. denied,* 479 U.S. 1086, 107 S.Ct. 1289, 94 L.Ed.2d 146 (1987); *Ramsey,* 121 Ct.Cl. at 433, 101 F.Supp. at 357. Plaintiff seeks lost profits from the sale of Smokey Bear products and the costs of marketing and attempting to market Smokey Bear products. The court cannot, without a factual inquiry, say that these damages are not a direct and foreseeable consequence of the government's alleged breach of the Smokey Bear license agreement.

### CONCLUSION

For the foregoing reasons, the court grants defendant's motion to the extent that it seeks dismissal of plaintiff's interest claims, and denies the remainder of defendant's motion.

Defendant has requested that the court, alternatively, consider defendant's motion as a motion *in limine.* For the reasons discussed above, defendant's motion is also denied in this respect. Nevertheless, defendant may again raise its evidentiary objections if this case goes to trial. Defendant believes these objections to be appropriate at specific points in the trial, and the objections are consistent with the court's reasoning above. Since, in the court's opinion, much of this dispute arose from vagaries contained in plaintiff's complaint, plaintiff shall amend its complaint to conform with its representations

at oral argument no later than September 30, 1994.

The parties shall submit a joint status report no later than October 15, 1994, proposing to the court a schedule for further proceedings.

